# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CV-129-KDB-DCK

| | |
|---|---|
| RICHARD F. TALLANT and PATRICIA A. RICHARD, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) **ORDER** |
| ELIZABETH S. TALLANT, | ) ) ) |
| Respondent. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Respondent's "Motion To Seal" (Document No. 5) filed August 14, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion in part and deny the motion in part.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)**    *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)**    *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c) *Motion to Seal or Otherwise Restrict Public Access*.** A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

**(d) *Filing of an Unredacted Copy Allowed*.** The party seeking to file material under seal may submit an unredacted version of the material under seal for review by the Court along with the motion to seal.

**(e) *Public Notice*.** No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c). Other parties, intervenors, and non-parties may file objections and briefs opposing or supporting the motion within the time provided by LCvR 7.1 and may move to intervene under Fed.R.Civ.P. 24. Where the Court acts before the response, any party or non- party may move to unseal at any time.

Local Rule 6.1.

*Pro se* Respondent's motion (Document No. 5) fails to satisfy the requirements of Local Rule 6.1(c)(1) through (4). In fact, other than seeking to seal her "Application To Proceed In District Court Without Prepaying Fees Or Costs" (Document No. 2), the motion provides very

little information and is unclear what "supporting documents" Respondent seeks to seal. See (Document No. 5).

It is the undersigned's understanding that the Clerk's Office routinely seals IFP motions, and therefore, Document No. 2 shall remain under seal. To the extent Respondent believes other filings and/or "supporting documents" should be sealed, she shall file a revised motion requesting such relief.

**IT IS, THEREFORE, ORDERED** that *pro se* Respondent's "Motion to Seal" (Document No. 5) is **GRANTED in part** and **DENIED in part**. Respondent may file a revised motion to seal, consistent with the Local Rules, on or before **October 2, 2020**. Document Nos. 2 and 6 shall remain under seal until otherwise ordered by the Court.

**SO ORDERED**.

Signed: September 3, 2020

David C. Keesler
United States Magistrate Judge