# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CV-00129-KDB-DCK

| | |
|---|---|
| RICHARD F. TALLANT AND PARTRICIA A. RICHARD, <br><br> Plaintiffs, <br><br> v. <br><br> ELIZABETH S. TALLANT, <br><br> Defendant. | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiffs' Motion to Remand (Doc. No. 3) and Defendant's Motion to Proceed in Forma Pauperis (Doc. No. 13) and Motion to Reassign Case, Hold in Abeyance and Extend all Deadlines, Appoint Counsel, Declaratory Relief and to Seal (Doc. No. 14). The Court has carefully considered these motions and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** Plaintiffs' Motion to Remand and **DENY** Defendant's motions. In brief summary, Defendant's request to reassign this matter to different judges will be denied because she has failed to show any proper grounds for recusal. Defendant's only assertion in support of recusal is that this matter should be reassigned based on her dissatisfaction with the Court's prior rulings. This is plainly insufficient cause for recusal. Further, this Court finds that this matter must be remanded to state court because Defendant's removal of this action was untimely. Having determined that there is no cause for recusal and this matter must be remanded to state court, the Court will deny the remainder of Defendant's motions as moot. Finally, the Court will, in the exercise of its discretion, deny Plaintiffs' request for attorneys' fees against the *pro se* Defendant.

1

## I. FACTS AND PROCEDURAL HISTORY

This action was removed to this Court on August 14, 2020 from the Superior Court of Catawba County, North Carolina (the "State Court"). The matter started in the State Court on May 2, 2019 with the filing of a Petition to Partition in which the Plaintiffs sought to have the court partition a number of real estate parcels in which the parties collectively held all the interests. *See* Doc. 1-1 at pp. 2-9.[1] After months of motion practice in the State Court related to the propriety of service, a hearing on the Partition Petition began on February 26, 2020 before the Clerk of Superior Court and finally concluded, after a number of delays due to court closures related to the COVID-19 pandemic, on June 23, 2020. The Defendant fully participated in the hearings on February 26, 2020 and June 23, 2020, examining and cross-examining witnesses and offering testimony and evidence to the Court. On June 24, 2020, the Clerk of Superior Court entered an Order of Partition, which was served upon the Defendant on that same date. *See id*. at 22-25. On July 20, 2020, Defendant filed a Notice of Appeal to the Superior Court of Catawba County in relation to the Order of Partition and the Amended Order of Partition, as well as "all previous interlocutory orders." On July 21, 2020, Plaintiffs filed a Motion to Dismiss Appeal on the grounds that the Defendant's Notice of Appeal was untimely. That motion was scheduled for hearing on August 17, 2020, but at the scheduled hearing the Defendant informed the State Court of her removal of this action to this Court and no further action was taken in the State Court.

---

[1] The properties at issue had been owned by Wallace Tallant, who is a grandfather of Richard F. Tallant and Elizabeth S. Tallant. Plaintiff Patricia A. Richard obtained her interests in the properties from other grandchildren of Wallace Tallant.

## II. DISCUSSION

### A. Motion to Reassign Case

Before ruling on whether Defendant's removal of this action was timely or proper, the Court must address Defendant's motion to reassign this matter to "different judges." The Fourth Circuit has recently addressed how to analyze when recusal is required under the Constitution and federal statutes: "As an initial matter, it is helpful to disentangle two related—but distinct—threads of law governing judicial recusal. Recusal may be required under either the Due Process Clause or federal recusal statutes." *United States v. Richardson*, No. 17-4760, 2019 WL 6769752, at *7 (4th Cir. Dec. 12, 2019). "[T]he 'Due Process Clause demarks only the outer boundaries of judicial qualifications.'" *Id.* (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009)). "In fact, most recusal questions are 'answered by common law, statute, or the professional standards of the bench and bar.'" *Id.* (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). "So though 'there may certainly be areas' where constitutional and statutory requirements overlap, a statutory violation 'does not automatically mean the defendant was denied constitutional due process.'" *Id.* at *7-8 (quoting *Davis v. Jones*, 506 F.3d 1325, 1336 (11th Cir. 2007)).

The Due Process Clause requires recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). The question turns "not [on] whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) (internal quotations omitted). "[M]ost matters relating to judicial disqualification [do] not rise to a constitutional level." *Caperton*, 556 U.S. at 876. It is the "extraordinary situation where the Constitution requires

recusal." *Id.* at 887; *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) ("In order to prevail in a deprivation of due process claim, a defendant must show a level of bias that made 'fair judgment impossible.'"). The Fourth Circuit has discussed what types of situations may require recusal under the Due Process Clause:

> These situations may be largely categorized as instances when an extraordinary financial interest exists between a judge and a litigant, *see, e.g.*, *Caperton*, 556 U.S. at 884 (requiring recusal of elected state court judge in case involving corporation whose CEO had contributed about $3 million to judge's election campaign following lower court's entry of $50 million judgment against corporation when it was likely that corporation would seek review in state supreme court), when a judge acts as a significant part of the accusatory process before presiding over the accused's trial, *see, e.g.*, *Williams*, 136 S. Ct. at 1903 (requiring recusal of judge before whom defendant appeared seeking relief from a death sentence where the judge had, as district attorney, given approval to seek death penalty against defendant); *In re Murchison*, 349 U.S. 133, 136 (1955) (requiring recusal of judge when judge acts as a "one-man grand jury" by hearing testimony qua grand jury, presiding over contempt hearing of grand jury witnesses qua judge, and holding grand jury witnesses in contempt for their conduct before judge qua grand jury), or when a judge is involved in a running, bitter controversy with a litigant, *see, e.g.*, *Mayberry v. Pennsylvania*, 400 U.S. 455, 465 (1971) (requiring recusal of judge in a litigant's contempt trial when that litigant continuously, "cruelly slandered" the judge).

*Richardson*, 2019 WL 6769752, at * 8-9.

The present case does not present any extraordinary situation. There are no financial interests or connections between the parties and the presiding judges. Nor is there any indication that the judges are embroiled in a running, bitter controversy with Defendant. Indeed, Defendant does not argue that such a controversy exists and points to no evidence in the record that would amount to such. Rather, Defendant argues that the case should be reassigned because the judges currently assigned to the case participated in another case involving these parties, which is currently on appeal to the Fourth Circuit Court of Appeals, Case No. 20-1752. Merely acting as the judge in a related action and entering a ruling that the Defendant has appealed is, standing

alone, plainly not grounds for recusal under the Constitution. Thus, constitutional due process concerns do not require recusal in this case.

Defendant also does not have grounds for recusal under 28 U.S.C. §§ 455(a) and (b)(1). A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nicholas v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Section 455(a) provides that disqualification is necessary "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Section 455 does not demand recusal because of "unsupported, irrational, or highly tenuous speculation" because that would result in litigants "exercise[ing] a negative veto over the assignment of judges." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). The standard for disqualification under section 455 is "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). As the Supreme Court has explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky*, 510 U.S. at 555; *see also Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) ("[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion.'" (quoting *Liteky*, 510 U.S. at 555)); *United States v. Allen*, 587 F.3d 246, 252 (5th Cir. 2009) (holding that the district court did not prejudge criminal contempt charges against defendants, as would have warranted recusal, when, during prior civil proceedings, the district court stated that defendants had violated the court's orders to show cause and that defendants were likely in criminal contempt).

Again, Defendant has not alleged any grounds for recusal beyond her dissatisfaction with the Court's rulings in a related case. Defendant does not, and cannot, point to any extrajudicial source of disqualifying bias and prejudice, nor can she point to any evidence that this Court has "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. Thus, Defendant has not shown that a reasonable person, with full knowledge of all the circumstances, would harbor doubts about this Court's impartiality. *See Allen*, 587 F.3d at 253. Accordingly, Defendant's motion for recusal will be denied.

**B.     Motion to Remand**

In her Notice of Removal pursuant to 28 U.S.C. § 1446,[2] Defendant alleges that she is entitled to remove the case to this Court because it presents federal questions primarily related to alleged federal tax liens on the properties at issue. Regardless of the merits of the removal,[3]

---

[2] Defendant also purports to remove the case pursuant to 28 U.S.C. § 1443; however, that statute relates to "civil rights cases" and is inapplicable to this action notwithstanding *pro se* Defendant's attempt to parrot a portion of that statute in her removal notice.

[3] Plaintiffs deny that there are any current federal tax liens on the subject properties and argue that there are no federal questions raised by what should be a simple action to partition real estate. Further, all parties to this proceeding are residents of the State of North Carolina and jurisdiction

however, Defendant was required to file her notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. § 1446. "The burden of establishing that removal is timely rests with the defendant." *Andrews v. Daughtry*, 994 F. Supp. 2d 728, 732 (M.D.N.C. 2014). And, Defendant's "failure to comply with the 30-day limit [of § 1446(b)] is grounds for immediately remanding a removed case to state court." *PurAyr, LLC v. Phocatox Techs., LLC*, 263 F. Supp. 3d 632, 635 (W.D. Va. 2016) (quoting *FHC Options v. Security Life Ins. Co. of Am.*, 993 F. Supp. 378, 380 (E.D. Va. 1998)).

Here, Defendant's Notice of Removal was filed with this Court on August 14, 2020, which is well over a year after the Defendant was served with the Petition and related Summons in May 2019. Accordingly, Defendant's Notice of Removal is untimely and this Court is required to remand this case to the state court from which it originated.

C. **Other Motions**

In light of the Court's finding that this action should be remanded it need not and does not reach the remaining motions of the Defendant, which will be denied as moot. Further, this Court will, in its discretion, deny Plaintiffs' request for attorneys' fees.

---

in this Court based on diversity of citizenship does not exist. *See Reid v. The Wailers*, 606 F. Supp. 2d 627, 629 (E.D. Va. 2009).Thus, while it appears that this case is not within this Court's jurisdiction, there is no need to definitively reach that issue because the removal was untimely.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Reassign Case (Doc. No. 14) is **DENIED**;

2. Plaintiffs' Motion to Remand (Doc. No. 3) is **GRANTED;**

3. Defendant's Motion to Proceed in Forma Pauperis (Doc. No. 13) and Motion to Hold in Abeyance and Extend all Deadlines, Appoint Counsel, Declaratory Relief and to Seal (Doc. No. 14) are **DENIED** as moot;

4. Plaintiffs' request for attorneys' fees is **DENIED**;

5. This action is remanded to the Superior Court of Catawba County, North Carolina; and

6. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 14, 2020

Kenneth D. Bell
United States District Judge